1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                                 AT TACOMA

10   DIANE MARIE ARTZ,

11                  Plaintiff,                   CASE NO. 14-cv-05292 JRC

12          v.                                   ORDER ON PLAINTIFF'S
                                                 COMPLAINT
13   CAROLYN W. COLVIN, Acting
14   Commissioner of the Social Security
     Administration,
15
                    Defendant.
16

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United

20   States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos.

21   11, 12, 13).

22          After considering and reviewing the record, the Court finds that the ALJ did not

23   err when reviewing the medical evidence from an examining physician as he

24

ORDER ON PLAINTIFF'S COMPLAINT - 1

appropriately found that some of the limitations opined by Dr. Liu are inconsistent with medical evidence demonstrating plaintiff's normal to excellent strength in her upper extremities. The ALJ's inference that Dr. Liu's opinion regarding the extent of some of plaintiff's limitations therefore was based largely on plaintiff's non-credible statements about her pain and symptoms is a logical inference supported by the record. The ALJ likewise did not err when reviewing plaintiff's credibility, noting her inconsistent statements about the effect of her impairments, and noting that her allegations are inconsistent with the contemporaneous reports of actual functioning.

Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, DIANE MARIE ARTZ, was born in 1970 and was 40 years old on the alleged date of disability onset of April 20, 2011 (*see* Tr. 156-62). Plaintiff has a high school diploma (Tr. 31).   Plaintiff had an in-home daycare business that lasted for about three years, until she allegedly could no longer lift and carry the children because of the pain (Tr. 41-42).

According to the ALJ, plaintiff has at least the severe impairments of degenerative disc disease with scoliosis (20 CFR 416.920(c)) (Tr. 12).

At the time of the hearing, plaintiff was living in a duplex with one of her daughters (Tr. 33).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and

following reconsideration (*see* Tr. 73-81, 83-92, 93-96, 103-109). Plaintiff's requested

hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on

October 15, 2012 (*see* Tr. 25-71). On November 7, 2012, the ALJ issued a written

decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social

Security Act (*see* Tr. 7-24).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ

erred in adversely assessing the plaintiff's credibility; (2) The ALJ erred in rejecting the

medical opinions of Dr. Beth Liu M.D.; and (3) The ALJ's errors were not harmless (*see*

ECF No. 11, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

1999)).

DISCUSSION

**(1)      Did the ALJ err in adversely assessing the plaintiff's credibility?**

Although plaintiff contends that the ALJ failed to assess properly plaintiff's

credibility, as discussed further below, the Court concludes that the ALJ properly noted

inconsistent statements made by plaintiff directly relevant to the functional effects of her

impairments. The ALJ also noted contemporaneous reports of actual functioning

inconsistent with plaintiff's allegations.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell, supra*, 947 F.2d at 343, 346-47 (*citing Cotton v. Bowen*, 799 F.2d 1407 (9th Cir. 1986)). If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for

doing so." *Smolen*, *supra*, at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th

Cir.1993)); *see also Reddick, supra*, 157 F.3d at 722 (*citing Bunnell*, *supra*, 947 F.2d at

343, 346-47).

Regarding plaintiff's credibility, the ALJ found that plaintiff's reports of the

"intensity, persistence, and limiting effects of these symptoms are not entirely credible,

[because] as discussed below, the claimant's treatment record does not fully corroborate

with her testimony [and], the claimant's claims of debilitated functioning are inconsistent

with contemporaneous reports of actual functioning" (*see* Tr. 13-14). The ALJ also found

that plaintiff "provided inconsistent testimony regarding her ability to sit" and that her

outside sources of income implied that "non-disability factors, and not severe

impairments, impacted her willingness to work" (*see* Tr. 17).

First, the Court notes that although plaintiff alleged at her hearing on October 15,

2012, that she could not lift "even a gallon of milk," on September 26, 2012, less than

three weeks earlier, Dr. John Blair, M. D., opined that plaintiff's "upper extremities

reveal normal strength" (*see* Tr. 36, 308). Likewise, approximately a year and a half

earlier, on February 25, 2011, Dr. Blair opined that plaintiff "has excellent strength and

normal sensation throughout the upper extremities with equal and symmetric reflexes at

the biceps, brachioradialis and triceps" (*see* Tr. 249). Therefore, the Court concludes that

the ALJ's finding that plaintiff's "claims of debilitated functioning are inconsistent with

contemporaneous reports of actual functioning" is a finding based on substantial evidence

in the record as a whole.

1    Similarly, with respect to allegations of limitations regarding sitting, at her

2 administrative hearing, when asked by the ALJ how long she could sit, plaintiff replied

3 "[n]ormally, not at all" (*see* Tr. 36). However, plaintiff testified at her administrative

4 hearing that she could not "make it through a grocery store without sitting down on the

5 floor while doing grocery shopping" (*see* Tr. 35). Plaintiff also testified that, on a typical

6 day, she "sit[s] down on the bathroom floor to take off [her] clothes;" "sit[s] down on the

7 bottom of the tub shower;" sits on the floor to blow dry her hair; and, sits "inside of [her]

8 bathroom sink to put on [her] makeup" (*see* Tr. 38). Therefore, based on the record as a

9 whole, the Court concludes that the ALJ's finding that "the claimant provided

10 inconsistent testimony regarding her ability to sit" is a finding based on substantial

11 evidence in the record as a whole (*see* Tr. 17). The Court also notes that examining

12 doctor, Dr. Liu, does not appear to have opined that plaintiff suffered from any

13 limitations in her ability to sit (*see* Tr. 283).

14

15    Finally, the Court notes the ALJ's comment that plaintiff's "outside sources of

16 income lead me to consider what extent non-disability factors, and not severe

17 impairments, impacted her willingness to work," (*see* Tr. 17). At plaintiff's

18 administrative hearing, when the ALJ asked plaintiff "what attempts have you made to

19 find work?", plaintiff replied "I'm collecting child support and maintenance, sir" (*see* Tr.

20 34). Therefore, the Court concludes that this inference by the ALJ is not mere

21 speculation, but is a logical inference based on the record, providing some support for the

22 ALJ's credibility determination.

23

24

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ did not commit harmful error during the evaluation of plaintiff's credibility.

### (2) Did the ALJ err in rejecting the medical opinions of Dr. Beth Liu M.D.?

Plaintiff contends that the ALJ's reasons for failing to credit fully the medical opinion of examining doctor, Dr. Beth Liu, M.D., are not specific and legitimate reasons supported by substantial evidence in the record (*see* Opening Brief, ECF No. 11, pp. 6-9 (*citing Lester v. Chater*, 83 F.3d 821, 830 (9th Cir. 1995))).

When a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record."  *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Here, the ALJ included the following discussion regarding the opinion of Dr. Liu:

> In June 2011, consultative medical examiner Dr. Liu opined that the claimant can occasionally lift and/or carry 5 pounds and can walk and/or stand up to 25 minutes at a time for a total of two hours in an eight hour workday (internal citation to Exhibit 6F/3). The doctor opined that the claimant can frequently use her hands for most activities except that she can only occasionally overhead reach, push, and pull (internal citation to Exhibit 6F/3). The doctor also opined that the claimant can perform most postural activities and should avoid climbing ladders and scaffolds (internal citation to Exhibit 6F/3). Dr. Liu also opined that the claimant cannot work in unprotected heights (internal citation to Exhibit 6F/3). Dr.

1

2

3

4

5

6

7

8

9

Liu's opinion appears to be based, in part, on the claimant's non-credible statements about her subjective pain based on one consultative examination. The doctor only evaluated the claimant's current abilities five months after the motor vehicle accident. But as discussed above, the record calls into question the claimant's credibility and reliability of her actual limitations. Medical evidence showed that she had normal to excellent strength in her upper extremities (internal citation to Exhibits 3F/5; 11F/2). She had a negative straight leg raise in both the seated and supine position (internal citation to Exhibit 6F/3). She was able to grasp, grip, and manipulate objects and had normal grip strength in both hands. (internal citation to Exhibit 6F/3). In more recent treatment sessions with other doctors, the claimant also reported that ibuprofen helps alleviate her pain and that she had a pain of a 7/10 (a tolerable pain per the claimant) (internal citation to Exhibits 10F/1; 11F/2). Accordingly, I give Dr. Lu's opinion little weight.

10

(Tr. 18).

11

Here, some of the reasons relied on by the ALJ provide more support for his

12

written decision than other reasons. For example, as noted by plaintiff, when reciting the

13

"normal" medical evidence that calls into question the limitations opined by Dr. Liu, the

14

ALJ notes that plaintiff was able to grasp, grip, and manipulate objects (*see id.*).

15

However, this notation provides no support for the ALJ's rejection of the opinion of Dr.

16

Liu, as Dr. Liu did not opined that plaintiff had any limitations with respect to grasping,

17

gripping or manipulation of objects with her hands. As noted by the ALJ, the "doctor

18

opined that the claimant can frequently use her hands for most activities" (*see id.*).

19

However, the ALJ also noted that plaintiff "had normal grip strength in both

20

hands" (*id.* (*citing* Exhibit 6F/3)); and that plaintiff "had normal to excellent strength in

21

her upper extremities" (*id.* (*citing* Exhibits. 3F/5; 11F/2, *i.e.*, Tr. 249, 308)). This notation

22

directly implicates a main difference between the RFC as found by the ALJ and the

23

functional capacity as opined by Dr. Liu (Tr. 13, 17). While the ALJ found that plaintiff

24

1   "can lift and/or carry 10 pounds both occasionally and frequently," Dr. Liu opined that

2   plaintiff could "occasionally lift and/or carry 5 pounds" (*see* Tr. 13, 17, 283). Similarly,

3   while the ALJ did not limit plaintiff with respect to pushing and pulling, Dr. Liu opined

4   that "pushing and pulling . . . . may need to be occasional[]" (Tr. 13, 283).

5       In this context, it is clear that the ALJ found that the "medical evidence showed

6   that [plaintiff] had normal to excellent strength in her upper extremities," and that the

7   discrepancy between the medical evidence and the opinions from Dr. Liu regarding

8   lifting, carrying, pushing and pulling suggested that Dr. Liu's opinion with respect to

9   these specific opined limitations was based more "on the claimant's non-credible

10  statements about her subjective pain" then they were based on Dr. Liu's examination (*see*

11  Tr. 17-18). This finding is based on substantial evidence in the record as a whole (*id.*

12  (*citing* Tr. 249, 308)). When evaluated on February 25, 2011 by Dr. John M Blair, M.D.,

13  following physical examination, Dr. Blair opined that plaintiff "has excellent strength and

14  normal sensation throughout the upper extremities with equal and symmetric reflexes at

15  the biceps, brachioradialis and triceps" (*see* Tr. 249). Similarly, on September 26, 2012,

16  when reviewing plaintiff's musculoskeletal symptoms, Dr. Blair noted that plaintiff was

17  experiencing "no generalized joint pain, stiffness, weakness or muscle pain" (*see* Tr.

18  307). Dr. Blair noted "normal coordination tested in both upper and lower extremities,"

19  and opined that plaintiff's "upper extremities revealed normal strength  . . . .  [and]

20  reflexes are intact and symmetric bilaterally" (*see* Tr. 308).

21      Based on the relevant record and for the reasons stated, the Court concludes that

22  the ALJ's finding that "the medical evidence showed that [plaintiff] had normal to

1  excellent strength in her upper extremities" is supported by substantial evidence in the

2  record as a whole. The Court also concludes that this finding provides substantial

3  evidence in the record for the ALJ's inference that Dr. Liu's opinion regarding the

4  limitations suffered by plaintiff were increased by Dr. Liu due to plaintiff's "non-credible

5  statements about her subjective pain" (*see* Tr. 18).

6          Based on the record as a whole and for the reasons stated, the Court concludes that

7  the ALJ provided specific and legitimate reasons supported by substantial evidence in the

8  record as a whole for her failure to credit fully all the limitations opined by Dr. Liu.

9                                   CONCLUSION

10          Based on the stated reasons and the relevant record, the Court **ORDERS** that this

11 matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

12          **JUDGMENT** should be for defendant and the case should be closed.

13          Dated this 4th day of September, 2014.

14

15

16                                   _____
                                     J. Richard Creatura
17                                   United States Magistrate Judge

18

19

20

21

22

23

24